OPINION
{¶ 1} James J. Skiffey, Jr., appellant, was given an amended notice of a hearing before the Ohio Liquor Control Commission, appellee, for three alleged violations: (1) that his agent and/or employees, Jeffrey Issac and/or Robert Stiner, did sell upon the permit premises intoxicating liquor to three under-aged women, Jamie Beamicis, Melanie R. Myers and Rebecca M. Donahue, all of whom were under twenty-one years of age; (2) at the same time, the same employees furnished the same under-aged women intoxicating liquor; and (3) on May 2, 2001, his employee, Jeffrey Issac, was convicted in Niles Municipal Court for violating in and upon the permit premises R.C. 4301.69(A), by furnishing intoxicating liquor to persons under twenty-one.
{¶ 2} Permit holder James Skiffey, did not appear at the hearing, but sent appellee a letter denying the charges stating that the liquor was purchased by an adult and that the bartender, Jeffrey Issac, had no idea who the drinks were for.
{¶ 3} After the hearing, the commission found appellant guilty of all charges and ordered the permits revoked.
{¶ 4} The permit holder appealed to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. After consideration thereof, the common pleas court found that the order of appellee was supported by reliable, probative and substantial evidence and was in accordance with law and affirmed the order of the commission.
{¶ 5} James Skiffey appeals to this court alleging as his sole assignment of error that "[t]he order of the Liquor Control Commission was not supported by reliable, probative, and substantial evidence was not in accordance with law."
{¶ 6} Appellant did not appear at the hearing, but the commission entered a denial of the charges together with the letter sent by appellant.
{¶ 7} Jason Skinner, the enforcement agent, produced his investigative report and stated on direct examination that if he were to testify before the commission, the facts would be the same as are contained in the report. The report was then admitted into evidence. Also admitted into evidence, were the convictions in Niles Municipal Court of all five participants for the violations leading to the charges herein. The bartender, Jeffrey Issac, the security agent, Robert Stiner, and the three women aged 18, 19 and 19 were all convicted of liquor violations relating to the service of and/or the furnishing of intoxicating liquor to under-aged persons. The facts in the report show that the bartender, Issac, without asking for identification, prepared a mixed drink of Malibu Rum, an intoxicating beverage, which he distributed into three plastic cups. He handed one cup to Jamie Beamicis, age 18, and the security employee, Robert Stiner, picked up the two remaining cups and took them to the table where two females, Melanie Myers, age 19, and Rebecca Donahue, age 19, were seated. No identification was requested at the table either.
{¶ 8} The record also shows that appellant, the permit holder, had two prior violations in June 1999 for under-age sale and that the instant charge was the third under-age violation in a two-year period.
{¶ 9} Appellant's primary contention is that no evidence other than the investigator's report was admitted and that no witnesses who were present at the time of the alleged violation were called to testify. This contention is not accurate, as Skinner, the investigative agent, was present and did state to the commission that he would testify that all the facts stated in his report were true. Thus, since the commission is not bound by the rules of evidence, this procedure was proper to avoid the unnecessary time to actually require Skinner, the eyewitness to the transactions, to testify under oath. Thus, there was ample evidence of what took place. Moreover, there was evidence properly admitted of the violations in municipal court of the three under-age persons and the two employees of appellant for their respective roles in the sale and furnishing of intoxicating liquor to and the partaking of intoxicating liquor to underage persons.
{¶ 10} Appellant further contends that finding appellant guilty of three sales was not in accordance with evidence as only one sale was made to 18-year-old Jamie Beamicis. While technically that is true and technically intoxicating liquor was sold to one under-age person and furnished to two other under-age persons, that does not show that the common pleas court abused its discretion in upholding the order of the commission. All of the facts concerning the violations, which also involved the other two under-age persons, were in evidence both as described in the investigative report and in the convictions from municipal court. Thus, even with only one sale, the commission would and should have taken all the surrounding facts into consideration in determining the penalty for the violation. We see no reason to remand the case to the commission for reconsideration of the penalty.
{¶ 11} In addition, appellant argues that, had he appeared with a representative, the penalty would have been a lesser penalty than revocation of his permits. There is no evidence for this speculation which we disregard. In addition, in Henry's Cafe Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233, the supreme court held that in an appeal pursuant to R.C. 119.12, "the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose."
 {¶ 12} R.C. 4301.25 states as pertinent:
{¶ 13} "The liquor control commission may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission or for other sufficient cause."
{¶ 14} When determining the penalty, the commission has the discretion to either suspend or revoke the liquor permit. R.C. 4301.25(A). As required, this court has consistently followed the authority of the supreme court as to modification of a penalty in Henry's Cafe, Inc., supra.
{¶ 15} Appellant's assignment of error is overruled. The judgment of the common pleas court is affirmed.
Judgment affirmed.
KLATT and BOWMAN, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.